IN THE SUPREME COURT OF THE STATE OF DELAWARE

MILES BRICE, § 
§ No. 401, 2023
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 0107007736 (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: June 17, 2024
Decided: August 7, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we affirm the Superior Court's denial of the appellant's eighth motion for postconviction relief. Because the appellant chose to plead guilty, he cannot avail himself of the exception to procedural bar under Rule 61(d)(2)(ii).[1] Even more to the point, our decision in *Powell v. State*—which held that our decision in *Rauf v. State*[2] applies retroactively to those sentenced to death

---

[1] *See* Del. Super. Ct. Crim. R. 61(d)(2)(ii) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid").

[2] 145 A.3d 430, 433 (Del. 2016) (holding that Delaware's then-extant death penalty statute was unconstitutional).

under Delaware's capital sentencing statute[3]—did not create a new, retroactively applicable rule of constitutional law requiring the vacatur of the appellant's life sentence.[4]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[3] *Powell v. State*, 153 A.3d 69, 70 (Del. 2016) (holding that the *Rauf* decision applies retroactively to "a death sentence that was already final when *Rauf* was decided").
[4] Indeed, in *Powell*, we directed that the appellant's death sentence "must be vacated and he must be sentenced to 'imprisonment for the remainder of [his] natural life without benefit of probation or parole or any other reduction.'" *Id.* at 70-71 (quoting 11 *Del. C.* § 4209(d)(2) (2009)).